# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# COLUMBUS DIVISION

| | |
|---|---|
| NATASHA HUBBARD,<br><br>        Plaintiff,<br><br>vs.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>        Defendant. | Case No. 2:20-cv-04165<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. TCPA, 47 U.S.C. § 227<br><br>2. Invasion of Privacy – Intrusion Upon Seclusion |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Natasha Hubbard ("Plaintiff"), through her attorneys, alleges the following against JPMorgan Chase Bank, N.A., ("Defendant"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon the Invasion of Privacy - Intrusion upon Seclusion, as derived from § 652B of the Restatement (Second) of

Torts. § 652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or her private affairs or concerns… that would be highly offensive to a reasonable person."

## JURISDICTION AND VENUE

3. Subject matter jurisdiction of the Court arises under 47 U.S.C. § 227 et seq. and 28 U.S.C. 1331.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(1) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

5. Defendant is at home and transacts business in this District, thus personal jurisdiction is established.

## PARTIES

6. Plaintiff is a natural person residing in the County of Cook, State of Illinois.

7. Defendant is a banking institution engaged in the business of issuing credit cards, with their principal place of business located in 1111 Polaris Parkway Columbus, OH 43240. Defendant can be served with process at CT Corporation System, 4400 Easton Commons Way, Suite 125, Columbus Oh 43219.

8. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

9. Plaintiff's fiancé, who assists her with her financial obligations, lost his job in February 2020 and was unemployed for three (3) months. Additionally, Plaintiff and her fiancé welcomed a baby in May of 2020.

10. As a result of their reduced income and new financial responsibilities, Plaintiff and her fiancé were unable to keep up with all their monthly obligations, specifically her Chase account.

11. Upon information and belief, after Plaintiff fell behind on her Chase Bank account, her interest rate increased and late payments were added to her account balance, making it even more difficult to make the monthly payment.

12. In or around September of 2019, Defendant began placing calls to Plaintiff's cellular phone number ending in 4121, in an attempt to collect an alleged debt.

13. The calls placed by Defendant originated from the following numbers: (210) 520-6400, (847) 426-8085, (847) 649-4631, (847) 426-9138, (847) 426-9203, and (210) 520-0146.

14. On or about September 24, 2019 at 3:28 p.m., Plaintiff answered a collection call from Defendant; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system; Plaintiff spoke with Defendant's representative from telephone number (210) 520-6400.

15. Defendant informed Plaintiff that it was attempting to collect a debt relating to her Chase credit card account.

16. Plaintiff unequivocally revoked consent to be called any further. Despite Plaintiff's request only to be contacted through mail in the future, Defendant continued to call Plaintiff.

17. Between September 24, 2019 and February 10, 2020, Defendant called Plaintiff no less than seventy (70) times.

18. Defendant called Plaintiff between one (1) and two (2) times a day and on one occasion, up to four (4) times in a day.

19. Many times, when Plaintiff answered calls from Defendant, there was a pre-recorded message or no person on the phone.

20. As a result of Defendant's conduct, Plaintiff has sustained actual damages including but not limited to, emotional and mental pain and anguish.

## COUNT I
## Defendant's Violations of the TCPA, 47 U.S.C. § 227

21. Plaintiff re-alleges and incorporates by reference paragraphs one (1) through twenty-five (25) as though set forth at length herein.

22. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

   a. Within four years prior to the filing of this action, on multiple occasions, Defendants violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or

      made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

   b. Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

23. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C)

## COUNT II
### Defendant's Invasion of Privacy
### (Intrusion upon Seclusion)

24. Plaintiff re-alleges and incorporates by reference paragraphs one (1) through twenty-three (23) as though set forth at length herein.

25. Defendant violated Plaintiff's privacy. Defendant's violations include, but are

not limited to, the following:

  a. Defendant intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite requests for the calls to cease.

  b. Defendant's conduct would be highly offensive to a reasonable person as Plaintiff received calls after explaining that she was unable to make a payment due to her inability to pay and instructed them to only communicate with her in writing.

  c. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

26. As a result of Defendant's violations of Plaintiff's privacy, Defendant is liable to Plaintiff for actual damages. If the Court finds that the conduct is found to be egregious, Plaintiff may recover punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Natasha Hubbard respectfully requests judgment be entered against Defendant, Chase Bank USA, N.A., for the following:

  A. Declaratory judgment that Defendant violated the TCPA;

  B. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

C. Actual and punitive damages resulting from the invasion of privacy;

D. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

E. Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

COZMYK LAW OFFICES, LLC

Date: August 11, 2020

By: */s/Peter Cozmyk*
Peter Cozmyk (78862)
6100 Oak Tree Blvd., Suite 200
Independence, OH 44131
pcozmyk@cozmyklaw.com
P: (870) 570-4440
F: (216) 485-2125
*Attorneys for Plaintiff*
*Natasha Hubbard*